**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**WILLIAM ALLEN MEANS,**

        **Plaintiff,**

**v.**                                                   **Civil Action No.:  2:20-561**

**E.M. PETERSON, D. HARVEY, and**
**THE CITY OF SOUTH CHARLESTON,**

        **Defendants.**

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendants, E.M. Peterson, D. Harvey, and the City of South Charleston, by counsel, Duane J. Ruggier II, Evan S. Olds, and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for its *Answer* to the Plaintiff's *Complaint*, states as follows:

### FIRST DEFENSE

The Plaintiff's *Complaint* fails to state a cause of action against the Defendants upon which relief can be granted and should therefore be dismissed.

### SECOND DEFENSE

1.      These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 1 of the Complaint, and therefore deny the same and demand strict proof thereof.

2.      These Defendants admit the statements and allegations contained in numbered paragraph 2 of the Complaint.

3.      These Defendants admit the statements and allegations contained in numbered paragraph 3 of the Complaint.

1

4.     These Defendants state that the matters asserted in numbered paragraph 4 of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## JURISDICTION AND VENUE

5.     These Defendants state that the matters asserted in numbered paragraph 5 of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

6.     These Defendants state that the matters asserted in numbered paragraph 6 of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## FACTS

7.     These Defendants admit that while on patrol on May 2, 2020, Defendant Peterson observed Billy Means riding his motorcycle.  These Defendant's deny the remaining allegations contained in numbered paragraph 7 of the Complaint.

8.     These Defendants deny the statements and allegations contained in numbered paragraph 8 of the Complaint.

9.     These Defendants deny the statements and allegations contained in numbered paragraph 9 of the Complaint.

10.     These Defendants admit that in the radio conversation, sirens can only be heard when Patrol Harvey's microphone is on, not when Peterson is talking, but deny the remaining statements and allegations contained in numbered paragraph 10 of the Complaint.

11.     These Defendants deny the statements and allegations contained in numbered paragraph 11 of the Complaint.

12.     These Defendants deny the statements and allegations contained in numbered paragraph 12 of the Complaint.

13.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 13 of the Complaint, and therefore denies the same and demands strict proof thereof.

14.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 14 of the Complaint, and therefore denies the same and demands strict proof thereof.

15.     These Defendants admit the statements and allegations contained in numbered paragraph 15 of the Complaint.

16.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 16 of the Complaint, and therefore denies the same and demands strict proof thereof.

17.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 17 of the Complaint, and therefore denies the same and demands strict proof thereof.

18.     These Defendants deny the statements and allegations contained in numbered paragraph 18 of the Complaint.

19.     These Defendants deny the statements and allegations contained in numbered paragraph 19 of the Complaint.

20.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 20 of the Complaint, and therefore denies the same and demands strict proof thereof.

## COUNT I – NEGLIGENCE, GROSS NEGLIGENCE, AND RECKLESS DISREGARD IN THE OPERATION OF A MOTOR VEHICLE AS TO DEFENDANTS PETERSON AND CITY OF SOUTH CHARLESTON

21.     These Defendants restate and reallege the responses contained in numbered paragraphs 1 through 20 of the Answer as if they were restated herein.

22.     These Defendants deny the statements and allegations contained in numbered paragraph 22 of the Complaint.

23.     These Defendants deny the statements and allegations contained in numbered paragraph 23 of the Complaint.

24.     These Defendants deny the statements and allegations contained in numbered paragraph 24 of the Complaint.

25.     These Defendants deny the statements and allegations contained in numbered paragraph 25 of the Complaint.

26.     These Defendants state that the matters asserted in numbered paragraph 26 of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

27.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 27 of the Complaint, and therefore denies the same and demands strict proof thereof.

## COUNT II – EXCESSIVE FORCE IN VIOLATION OF THE LAWS AND CONSTITUTIONS OF WEST VIRGINIA AND THE UNITED STATES

28.     These Defendants restate and reallege the responses contained in numbered paragraphs 1 through 27 of the Answer as if they were restated herein.

29.     These Defendants state that the matters asserted in numbered paragraph 29 of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

30.     These Defendants deny the statements and allegations contained in numbered paragraph 30 of the Complaint.

31.     These Defendants deny the statements and allegations contained in numbered paragraph 31 of the Complaint.

32.     These Defendants deny the statements and allegations contained in numbered paragraph 32 of the Complaint.

33.     These Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in numbered paragraph 33 of the Complaint, and therefore denies the same and demands strict proof thereof.

34.     These Defendants state that the matters asserted in numbered paragraph 34 of the Complaint represent legal conclusions, rather than allegations of fact, and therefore do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## COUNT III – SECTION 1983 CLAIM AGAINST
## THE CITY OF SOUTH CHARLESTON

35.     These Defendants restate and reallege the responses contained in numbered paragraphs 1 through 34 of the Answer as if they were restated herein.

36.     These Defendants deny the statements and allegations contained in numbered paragraph 36 of the Complaint.

37.     These Defendants deny the statements and allegations contained in numbered paragraph 37 of the Complaint.

38.     These Defendants deny the statements and allegations contained in numbered paragraph 38 of the Complaint.

## COUNT IV – CLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF

39.     These Defendants restate and reallege the responses contained in numbered paragraphs 1 through 38 of the Answer as if they were restated herein.

40.     These Defendants deny the statements and allegations contained in numbered paragraph 40 of the Complaint.

41.     These Defendants deny the statements and allegations contained in numbered paragraph 41 of the Complaint.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

42.     These Defendants deny the statements and allegations contained in numbered paragraph 42 of the Complaint.

## THIRD DEFENSE

The Defendants deny any and all allegations not specifically admitted herein.

## FOURTH DEFENSE

That to the extent any of the following affirmative defenses are applicable, based upon the pleadings and evidence adduced in this matter, These Defendants invoke the following defenses of comparative negligence, assumption of the risk, self-defense, estoppel, *in pari delicto*, unclean hands, laches, illegality, res judicata, collateral estoppel, failure to mitigate, expiration of any applicable statute of limitations, lack of personal jurisdiction, and any other matter constituting an avoidance or affirmative defense.

## FIFTH DEFENSE

These Defendants raise and preserve the defenses of qualified immunity and any other immunity available to it pursuant to the United State Constitution, the United State Code, The West Virginia State Constitution and the West Virginia State Code.

## SIXTH DEFENSE

These Defendants assert and preserve the affirmative defenses of absolute, qualified immunity and official immunity.  Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Clark v. Dunn, 465 S.E.2d 374 (W.Va. 1995); and State v. Chase Securities, Inc., 424 S.E.2d 591, 595 (W. Va. 1992).

## SEVENTH DEFENSE

These Defendants are immune from liability because they acted at all times relevant to the above-styled civil action with probable cause and in the good faith performance of their official duties.

## EIGHTH DEFENSE

These Defendants deny that they acted in violation of the Plaintiff's Constitutional rights and further deny that they acted willfully, intentionally, or in callous disregard for the plaintiff's Constitutional and statutory rights or that it in any way denied the plaintiff due process of law.

## NINTH DEFENSE

That the injuries, if any, of which the Plaintiff complains were caused by the misconduct of the Plaintiff and/or the acts of others over which these Defendants had no control.

## TENTH DEFENSE

These Defendants are immune from suit because their conduct was not in contravention of any clearly established Constitutional right or privilege of the Plaintiff.

## ELEVENTH DEFENSE

These Defendants may not be held vicariously liable under the principles of *respondeat superior*. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## TWELTH DEFENSE

That no custom, usage, policy or practice of these Defendants caused a deprivation of Plaintiff's Constitutional rights.

## THIRTEENTH DEFENSE

These Defendants raise and move for dismissal for insufficient or lack of service of process.

## FOURTEENTH DEFENSE

These Defendants assert that the Plaintiff cannot recover because his alleged injuries are *de minimis*.

## FIFTHTEENTH DEFENSE

These Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the *Federal Rules of Civil Procedure*, and further reserve the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

## SIXTHTEENTH DEFENSE

These Defendants reserve the right to file additional affirmative defenses, counterclaims, crossclaims and/or third-party claims if the sufficient or factual basis therefore is developed through ongoing investigation and discovery.

## JURY REQUEST

That a jury is requested on all issues so triable.

## PRAYER

WHEREFORE, Defendants, the E.M. Peterson, D. Harvey, and the City of South Charleston, pray that the Plaintiff's *Complaint* be dismissed, with prejudice, and held for naught; that Plaintiff recover nothing of these Defendants; that these Defendants recover their costs, expenses of suit, and reasonable attorney's fees necessary in defending said *Complaint*; and for such other and further relief, whether legal or equitable in character, as to which this defendant may be entitled.

> **E.M. PETERSON,**
> **D. HARVEY, and**
> **THE CITY OF SOUTH CHARLESTON,**
> By Counsel,
>
>
> */s/Duane J. Ruggier II*
> **DUANE J. RUGGIER II (WVSB #7787)**
> **EVAN S. OLDS (WVSB #12311)**

9

**PULLIN, FOWLER, FLANAGAN,**
**BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304-344-0100

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**WILLIAM ALLEN MEANS,**

      **Plaintiff,**

**v.**                         **Civil Action No.:  2:20-561**

**E.M. PETERSON, D. HARVEY, and
THE CITY OF SOUTH CHARLESTON,**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for the Defendants, the E.M. Peterson, D. Harvey, and the City of South Charleston, do hereby certify that on the 8th day of September, 2020, a true copy of the foregoing ***"Defendants' Answer to Plaintiff's Complaint"*** has been filed with the Clerk of the Court using the CM/ECF system and sent via United States mail, postage prepaid to the following:

L. Dante' diTrapano, Esq.
Alex McClaughlin, Esq.
Benjamin D. Adams, Esq.
Calwell Luce diTrapano PLLC
500 Randolph Street
Charleston, West Virginia  25302

/s/Duane J. Ruggier II
**DUANE J. RUGGIER II (WVSB #7787)
EVAN S. OLDS (WVSB #12311)**

**PULLIN, FOWLER, FLANAGAN,
BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304-344-0100

11