## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**WILLIAM ALLEN MEANS,**

      **Plaintiff,**

**v.**                                               **Civil Action No.:  2:20-561**

**E.M. PETERSON, D. HARVEY, and**
**THE CITY OF SOUTH CHARLESTON,**

      **Defendants.**

### RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW the Defendants, E.M. Peterson, D. Harvey, and the City of South Charleston, by counsel, Duane J. Ruggier II, Evan S. Olds, and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for its Response to Plaintiff's Motion for Leave to Amend Complaint, states and avers as follows.

1.  Plaintiff filed his original *Complaint*[1] on August 25, 2020, asserting the same counts that Plaintiff now seeks to plead in his proposed amended complaint.[2]

2.  On November 13, 2020, this Court entered a *Memorandum Opinion and Order*,[3] granting in part Defendants' *Motion to Dismiss*.[4] The Court dismissed the following of Plaintiff's claims: the negligence claim against the Defendant City of South Charleston, the negligence claim against Defendant Peterson, the § 1983 claim against the Defendant City of South Charleston, and the claims for injunctive and declaratory relief.

---

[1] ECF No. 1.
[2] ECF No. 20-1.
[3] ECF No. 16.
[4] ECF No. 10.

3.   On November 24, 2020, Plaintiff filed his *Motion for Leave to Amend Complaint*, purporting to plead one additional allegation related to the cause of Plaintiff's spinal injury, namely that the crash of his motor cycle fractured his spine and the alleged excessive force used by Defendant Officers severed his spinal cord.

4.   However, Plaintiff's purpose in amending his *Complaint* goes beyond the new factual allegation. As indicated by Plaintiff's proposed amended complaint attached to the *Motion for Leave to Amend Complaint*, Plaintiff seeks to re-plead the same counts contained in Plaintiffs' original *Complaint*, including claims dismissed by the Court's *Memorandum Opinion and Order*. Plaintiff also apparently seeks to assert a class action, but only mentions class certification in Plaintiff's "Prayer for Relief" section.[5]

5.   Because Plaintiff's *Motion for Leave to Amend Complaint* seeks to revive previously-dismissed claims and ostensibly add a new request for relief, Plaintiff's *Motion* suffers the following procedural and substantive defects and should be denied.

## I.   PLAINTIFF CANNOT REASSERT CLAIMS ALREADY DISMISSED VIA A MOTION FOR LEAVE TO AMEND COMPLAINT WITHOUT FIRST SEEKING RELIEF UNDER RULES 59 OR 60

6.   Plaintiff cannot revive claims previously dismissed via a motion for leave to amend.  The United States Court of Appeals for the Fourth Circuit has held, "[a] district court may only grant a post-judgment motion to amend if the court has vacated the underlying judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)."[6]

---

[5] *See* ECF No. 20-1. The proposed amended complaint also changes Plaintiff's residence from Loudendale to Charleston.
[6] *United States v. Looker*, 422 F. App'x 264, 265 (4th Cir. 2011) (citing *Laber v. Harvey*, 438 F.3d 404, 427-28 (4th Cir. 2006) (en banc)); *Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013); *See King v. Teays Valley Health Servs.*, No. 2:05-cv-00463, 2006 U.S. Dist. LEXIS 116435, at *6 (S.D. W. Va. May 11, 2006); *But see CSS, Inc. v. Herrington*, 318 F.R.D. 582, 584 (S.D. W. Va. 2016) (citing *Katyle v. Penn. Nat'l Gaming, Inc*., 637 F.3d 462, 471 (4th Cir. 2011)) (addressing a motion to amend *and* a motion to alter or amend judgment).

7.   Plaintiff brings his *Motion for Leave to Amend Complaint* under Rule 15(a) of the Federal Rules of Civil Procedure, purporting to add one factual allegation. However, Plaintiff's proposed amended complaint attached to the *Motion* contains claims previously dismissed, and Plaintiff's *Motion* offers no justification for *vacatur* of this Court's *Memorandum Opinion and Order*. Plaintiff's *Motion for Leave to Amend Complaint* is not the appropriate means of relief from this Court's *Memorandum Opinion and Order*. Rather, Plaintiff must move for relief under Rules 59 or 60 of the Federal Rules of Civil Procedure.

8.   Without seeking any relief from this Court's *Memorandum Opinion and Order* under Rules 59 or 60, Plaintiff improperly seeks to amend his complaint to revive claims that were previously dismissed. Moreover, Plaintiff's attempt to revive previously-dismissed claims is dilatory and delusory. The *Motion for Leave to Amend Complaint* should be denied.

## II.   PLAINTIFF CANNOT SATISFY RULE 59 BECAUSE PLAINTIFF HAS IDENTIFIED NO NEW EVIDENCE THAT WARRANTS ANY CHANGE TO THIS COURT'S *MEMORANDUM OPINION AND ORDER*

9.   Even if Plaintiff had properly moved to amend, alter, or vacate judgment under Rule 59(e) or moved for relief from judgment under Rule 60(b), or even if the Court analyzes Plaintiff's *Motion for Leave* under Rule 59(e), the Court's *Memorandum Opinion and Order* would stand.

10. As a preliminary matter, if a Rule 59 or Rule 60 motion is "served not later than 28 days after entry of the judgment," it will be treated as a motion under Rule 59(e).[7] This Court has noted that "[g]ranting a Rule 59 motion is an extraordinary remedy that should be used sparingly."[8] While Rule 59 does not provide a standard itself under which a district court may grant such a

---

[7] *See* Fed. R. Civ. P. 59(e); *Small v. Hunt*, 98 F.3d 789 (4th Cir. 1996); *Kenney v. Indep. Order of Foresters*, No. 3:12-CV-123, 2013 U.S. Dist. LEXIS 85278, at *8 (N.D.W. Va. June 18, 2013).

[8] *Myers v. City of Charleston*, 2020 U.S. Dist. LEXIS 212605, *4, 2020 WL 6702034 (S.D. W. Va. November 13, 2020); *Oak Hill Hometown Pharmacy v. Dhillon*, Civil Action No. 2:19-cv-00716, 2019 U.S. Dist. LEXIS 220407, 2019 WL 7169241 at *1 (S.D. W. Va. Dec. 23, 2019) (citing *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

motion, the Fourth Circuit recognizes three grounds that would permit the amendment of an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."[9]

11. Here, Plaintiff has identified no intervening change in the controlling law; Plaintiff has not identified any new evidence, but brings only a new allegation; and Plaintiff has identified no clear error of law or any manifest injustice imposed by the *Memorandum Opinion and Order*. For these reasons alone, the *Motion* should be denied.

12. Also, Plaintiff's newfound allegation that the officers caused the injury by use of excessive force does not alter or upend this Court's *Memorandum Opinion and Order*. To be clear, in the original *Complaint*, Plaintiff alleged the same excessive force and the same spinal injury. In no instance did the Court, in its *Memorandum Opinion*, dismiss a claim because Plaintiff failed to sufficiently plead he was injured. In no instance did the Court dismiss a claim based on the timing or sequence of his injury. The Court granted in part Defendant's *Motion to Dismiss* because the claims failed as a matter of law as pled—not because Plaintiff failed to plead sufficient facts showing injury.

13. To recount, the Court dismissed Plaintiff's negligence claim against the Defendant City because it is immune under the Tort Claims Act as a matter of law. Likewise, the Court dismissed Plaintiff's negligence claim against Defendant Peterson because, as Plaintiff conceded,[10] employees of political subdivisions cannot be liable for negligence as a matter of law and, Officer Peterson is thus immune from Plaintiff's negligence claim under the Tort Claims Act. The Court dismissed Plaintiff's § 1983 claim against the City because the Plaintiff did not plead "specific

---

[9] *Pac Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)).
[10] ECF No. 12, at 7.

facts that indicate that Defendants Peterson and Harvey, or even other South Charleston law enforcement officers, used unconstitutional excessive force on occasions other than May 2, 2020. Nor has he alleged that Defendant City of South Charleston knew about any other instances of Defendants using excessive force."[11] Lastly, the Court dismissed Plaintiff's claim for declaratory and injunctive relief because the Plaintiff lacks standing.[12]

14. Plaintiff's newfound allegation regarding the sequence of his injury does not disturb or upend the Court's *Memorandum Opinion and Order* because the allegation (1) does not overcome the immunity of the Defendant City of South Charleston and Defendant Peterson under the Tort Claims Act, (2) does not identify any other acts of excessive force or the City's knowledge of the same, and (3) does not confer standing to assert claims for injunctive relief or declaratory judgment.  Plaintiff's *Motion for Leave to Amend Complaint* should be dismissed.

15. Further, Plaintiff has failed to provide any reason for, or identify any new evidence to support, his newfound request for class certification, as cursorily listed in his proposed amended complaint's "Prayer for Relief" section.[13] The Fourth Circuit has held that "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."[14] Here, Plaintiff filed his *Complaint* on August 25, 2020, and has identified no newly-discovered facts that would justify adding a class action. Plaintiff has identified no circumstance that hindered him from including this in his original pleading. As such, the *Motion for Leave to Amend Complaint* must be denied.

---

[11] ECF. No. 16, at 17.
[12] *Id.* at 19.
[13] *See* ECF No 20-1, at 9.
[14] *Pac Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)).

### III. SIMILARLY, PLAINTIFF'S ATTEMPT TO REVIVE DISMISSED CLAIMS IS FUTILE UNDER RULE 15 BECAUSE THE NEW FACTUAL ALLEGATION DOES NOT SUSTAIN ANY CLAIM PREVIOUSLY DISMISSED

16. Again, Plaintiff seeks to effectively reverse this Court's *Memorandum Opinion and Order* by amending his *Complaint*, adding a new factual allegation that, as demonstrated, does nothing to revive Plaintiff's already-dismissed claims. Because the *Memorandum Opinion* has not been vacated and because Plaintiff has neither moved to vacate the order nor provided any reason for the Court to vacate it, a Rule 59(e) analysis applies, not a Rule 15 analysis.[15] As demonstrated, Plaintiff has not satisfied Rule 59(e). Plaintiff's *Motion for Leave to Amend Complaint* should therefore be denied.[16]

17. Even under Rule 15, the amendment is futile. As Plaintiff points out, Plaintiff cannot amend the *Complaint* without leave of court.[17] In *Foman v. Davis*, the United States Supreme Court provided a set of factors that would justify a court's denial of a motion for leave to amend:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."[18]

A court may deny a plaintiff's motion for leave to amend a complaint "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or

---

[15] *See CSS, Inc. v. Herrington*, 318 F.R.D. 582, 584 (S.D. W. Va. 2016) (citing *Katyle v. Penn. Nat'l Gaming, Inc*., 637 F.3d 462, 471 (4th Cir. 2011)) (addressing a motion to amend *and* a motion to alter or amend judgment); *see also Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013) (reasoning that a post-judgment motion to amend cannot be considered until the judgment is vacated, and therefore declining to engage in a Rule 15 analysis absent a motion under Rule 59 or 60).

[16] *See* § I *supra*.

[17] Fed. R. Civ. P. 15(a).

[18] 371 U.S. 178, 182 (1962).

the amendment would have been futile."[19]   If an amended complaint could not withstand a motion to dismiss, the motion to amend should be denied as futile.[20]

18.   While leave to amend is normally freely granted, here, Plaintiff is attempting to revive the same claims previously dismissed and file the same *Complaint* previously filed, saving one factual allegation regarding the timing of the injury and an unsupported, perhaps mistaken request for class certification. Rule 15 does not operate to reinstate dismissed claims, and does not operate as a workaround to Rules 59 or 60. In any event, the class certification request is devoid of merit as Plaintiff pleads no facts in his proposed amended complaint to satisfy any of Rule 23's requirements; Plaintiff defines no class and pleads no facts showing numerosity, commonality, typicality, adequate representation, or any of Rule 23(b)'s requirements; and Plaintiff has provided Defendants with no notice of what the class is, the basis for it, or why Plaintiff did not assert it in his original *Complaint*. As explained *supra*, Plaintiff's new allegation related to his injury does not revive the claims this Court previously dismissed. If the *Motion for Leave to Amend Complaint* is granted, the proposed amended complaint would be subject to the same reasoning and same rulings made by the Court in its *Memorandum Opinion*. The proposed amended complaint is clearly futile as it contains claims that are subject to dismissal just as they previously were.

19.   In sum, Plaintiff's *Motion for Leave to Amend Complaint* is the improper vehicle to revive claims this Court previously dismissed in its *Memorandum Opinion and Order*. Here, considering the timing of this *Motion for Leave*, the proper method for seeking relief from the *Order* is under Rule 59(e). Applying Rule 59(e), Plaintiff has failed to satisfy its requirements. Lastly, even if Rule 15's framework could apply, Plaintiff's *Motion for Leave to Amend Complaint* should be

---

[19] *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).
[20] *See, e.g.*, *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995 - WV); *Gates v. Morris*, No. 2:17-cv-03392, 2018 U.S. Dist. LEXIS 52732, at *4 (S.D. W. Va. Mar. 29, 2018).

denied as it is futile. In other words, the proposed amended complaint suffers the same defects as

the *Complaint*, if not more, and is consequently subject to this Court's *Memorandum Opinion and

Order*. The *Motion for Leave to Amend Complaint* should be denied.

*/s/ Duane J. Ruggier, II*
**DUANE J. RUGGIER II (WVSB #7787)**
**EVAN S. OLDS (WVSB #12311)**

**PULLIN, FOWLER, FLANAGAN,**
**BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304-344-0100

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WILLIAM ALLEN MEANS,**

      **Plaintiff,**

**v.**                                       **Civil Action No.:  2:20-561**

**E.M. PETERSON, D. HARVEY, and**
**THE CITY OF SOUTH CHARLESTON,**

      **Defendants.**

### **CERTIFICATE OF SERVICE**

      The undersigned counsel for the Defendants, the E.M. Peterson, D. Harvey, and the City of South Charleston, do hereby certify that on the 1st day of December, 2020, a true copy of the foregoing ***"Response to Motion for Leave to Amend Complaint"*** has been filed with the Clerk of the Court using the CM/ECF system and sent via United States mail, postage prepaid to the following:

L. Dante' diTrapano, Esq.
Alex McClaughlin, Esq.
Benjamin D. Adams, Esq.
Calwell Luce diTrapano PLLC
500 Randolph Street
Charleston, West Virginia  25302

                                       */s/ Duane J. Ruggier, II*
                                       **DUANE J. RUGGIER II (WVSB #7787)**
                                       **EVAN S. OLDS (WVSB #12311)**

**PULLIN, FOWLER, FLANAGAN,**
**BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304-344-0100