IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM ALLEN MEANS

        Plaintiff,

v.                              CIVIL ACTION NO.  2:20-cv-00561

E.M. PETERSON, et al.,

        Defendants.

ORDER

Pending before the court is Plaintiff's Motion for Leave to File Amended Complaint. [ECF No. 20]. Defendants have responded. [ECF No. 21]. The Reply deadline has passed, and this Motion is ripe for decision. For the following reasons, Plaintiff's Motion is **DENIED**.

I. Background

Plaintiff filed the original Complaint on August 25, 2020, alleging five counts against Defendants. [ECF No. 1]. In Count I, Plaintiff alleges negligence, gross negligence, and reckless disregard in the operation of a motor vehicle against Defendants Peterson and the City of South Charleston. *Id.* at ¶¶ 21–27. In Count II, Plaintiff alleges the use of excessive force in violation of the United States Constitution and the West Virginia Constitution against Defendants Peterson and Harvey. *Id.* at ¶¶ 28–34. In Count III, Plaintiff alleges a Section 1983 claim against Defendant City of South Charleston. *Id.* at ¶¶ 35–38. In Count IV, Plaintiff requests injunctive relief requiring Defendant City of South Charleston to "provide for the

video-recording of all police encounters with suspects and other civilians where there exists a potential for apprehension or misapprehension." *Id.* at ¶¶ at 39–41.

In response to Defendants' Motion to Dismiss [ECF No. 10], I dismissed several of those claims. In my Memorandum Order and Opinion [ECF No. 16] I dismissed all negligence claims against the City of South Charleston and the negligence claim against Defendant Peterson, I dismissed the § 1983 claim against the City of South Charleston, and I dismissed Plaintiff's claim for Injunctive and Declaratory relief. [ECF No. 16, at 19–20].

Plaintiff then filed the Motion at issue here, seeking leave to amend the complaint "to add additional factual allegations related to [Plaintiff's] injuries." [ECF No. 20, at 2]. Plaintiff attached the Proposed Amended Complaint that he intends to file if his Motion is granted. [ECF No. 20, Ex-A]. Defendants responded in opposition, noting that "Plaintiff seeks to re-plead the same counts contained in Plaintiff's original Complaint, including claims dismissed by the Court's Memorandum Opinion and Order. Plaintiff also apparently seeks to assert a class action, but only mentions class certification in Plaintiff's "Prayer for Relief" section." [ECF No. 21, at 2].

II.  Discussion

Rule 15(a) of the Federal Rules of Civil Procedure provides that 21 days after serving a complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)'s liberal standard requires the court to analyze the "bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Under Rule 15, "[t]he court

2

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Such "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). "For example, if an amended complaint would not survive a motion to dismiss for failure to state a claim, it is properly denied for frivolity." *Miller v. Maryland Dep't of Nat. Resources*, 813 F. App'x 869, 880 (4th Cir. 2020) (citing *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

Here, Plaintiff's Proposed Amended Complaint does not meet the lenient standard established by Rule 15. First, Plaintiff's Proposed Amended Complaint seeks to reassert claims that have previously been dismissed. All of the counts that I dismissed in my previous Memorandum Opinion and Order are reasserted in this Proposed Amended Complaint. If I were to grant this Motion, Plaintiff would be reasserting claims that have already been dismissed. A Motion under Rule 15(a) is not the proper vehicle to seek this relief. If Plaintiff wishes to seek relief from my order dismissing several of his claims, a Motion brought under Rule 59(e) or 60(b) would be more appropriate. Permitting Plaintiff to file an amended complaint that includes claims that have already been dismissed would be futile, and therefore, I cannot grant this motion under Rule 15(a). *See Johnson*, 785 F.2d at 509.

In addition to reasserting already-dismissed claims, Plaintiff raises in his Proposed Amended Complaint, for the first time, the idea of a class action. In his "Prayer for Relief" and nowhere else in his Proposed Amended Complaint, Plaintiff asks the court for "an order certifying the class and appointing Calwell Luce diTrapano as class counsel." [ECF No. 20-1, Ex. A, at 9]. Class actions are governed

3

by Rule 23 of the Federal Rules of Civil Procedure. To properly plead a class action, Plaintiff must, at a minimum, define the class and plead facts demonstrating numerosity, commonality, typicality, and adequate representation. *See* Fed. R. Civ. P. 23(a)(1)-(4). Plaintiff makes no attempt to do this in the Proposed Amended Complaint. While adding an additional claim is not atypical for amended complaints, permitting Plaintiff to amend his complaint to include this prayer for relief would also be futile. *See Johnson*, 785 F.2d at 509.

### III. Conclusion

For the reasons above, granting Plaintiff leave to file the Proposed Amended Complaint would be futile and Plaintiff's Motion [ECF No. 21] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 13, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE