**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**WILLIAM ALLEN MEANS,**
        **Plaintiff,**

v.                                                             **Civil Action No.: 2:20-561**

**E.M. PETERSON, D. HARVEY, and
THE CITY OF SOUTH CHARLESTON,**
        **Defendants.**

## DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND/OR STAY

**COMES NOW** the Defendants, E.M. Peterson and D. Harvey, by counsel, Duane J. Ruggier II, Evan S. Olds, and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for their *Emergency Motion for Protective Order and/or Stay* states as follows:

1. On March 1, 2021, Plaintiff noticed Defendant Harvey and Defendant Peterson's depositions for March 30, 2021. Undersigned counsel discovered on Thursday, March 25, 2021, that the Federal Bureau of Investigation ("FBI") has initiated an investigation into the Defendant officers' conduct regarding the subject May 2, 2020, police pursuit and arrest.

2. Due to the FBI's investigation into the events of May 2, 2020, Defendants move the Court for a protective order and/or to stay these depositions until the conclusion of the investigation.

3. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[1] Because of the frequency with which civil and regulatory laws overlap criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually

---

[1] *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936).

1

simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of parallel criminal proceedings.[2] "Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem [] to require such action, sometimes at the request of the prosecution, […] sometimes at the request of the defense [.]'"[3]

4. In *Keating*, the Ninth Circuit stated that the following factors should be considered in the exercise of that discretion:

> the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interest of persons not parties to the civil litigation; and (5) the interests of the public in the pending civil and criminal litigation."[4]

5. The United States District Court for the Southern District of West Virginia adopted these factors in *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D. W.Va. 2005).

6. As a preliminary matter, the requirement of the existence of a nexus between the parallel proceedings is sufficient to show that such proceedings are related and involve substantially similar issues is the threshold factor for a stay.[5] Upon information and belief, the FBI is investigating the same incident that gives rise to the instant civil action.

---

[2] *SEC v. Dresser*, 202 U.S. App. D.C. 345, 628 F.2d 1368, 1374-75 (D.C. Cir. 1980); *see also Keatinq v. OTS*, 45 F.3d 322, 324 (9th Cir. 1995) ("the Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.").
[3] *Dresser*, 628 F.2d at 1375 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27, 25 L. Ed. 2d 1, 90 S. Ct. 763 (1970); *United States v. Any and All Assets of That Certain Business Known as Shane Co*., 147 F.R.D. 99, 101 (M.D.N.C. 1993) ("the public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings."); cf. *United States v. Georgia Pacific Corp*., 562 F.2d 294, 296 (4th Cir. 1977) (noting that a motion to stay proceedings is committed to the sound discretion of the court).
[4] *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (California 1995).
[5] *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D. W.Va. 2005).

7. The delay in staying this case will not prejudice the Plaintiff; but could benefit Plaintiff to the extent the Defendant officers will be able to provide more complete testimony and discovery responses once the investigation concludes.

8. In *Dresser*, the Circuit Court for the District of Columbia stated that:

> Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.[6] 628 F.2d at 1375-76.

As noted in *Ashworth*, inasmuch as the Fifth Amendment rights are implicated and discovery may conceivably force those defendants to disclose matters that otherwise would not be available through the criminal rules of procedure, this factor strongly favors a stay. Therefore, it is in the Defendants' best interest to have discovery stayed in this action until after the FBI's investigation concludes.

9. "The government has a discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in [a related] criminal matter."[7] The United States' interest in an unimpeded criminal investigation favors a stay.[8]

---

[6] 628 F.2d at 1375-76.
[7] *SEC v. Chestman*, 861 F.2d 49, 50 (2nd Cir. 1988); *see also Dresser*, 628 F.2d at 1375-76 (noting that prejudice to a criminal case might result from the availability of broader discovery in the parallel civil action).
[8] *Ashworth*, 229 F.R.D. 527 (S.D. W.Va. 2005).

10. Last, the court considers the interests of the public. The interest of the public in investigating and resolving federal crimes is greater than West Virginia's interest in the resolution of plaintiff's civil claims.[9]

11. Defendants submit that they have conferred with Plaintiff to halt the depositions to no avail. Without a protective order and/or stay, Defendants will likely have to plead the Fifth at the depositions, which may result in an adverse inference instruction and which would of course prejudice Defendants. Also, if the FBI investigation yields no charges or convictions, without a stay or protective order, Defendants would have to plead the Fifth tomorrow, and then still be subject to an adverse inference. This prejudice, undue burden, and expense can be avoided by issuance of a stay and/or protective order. For the reasons aforesaid, good cause exists for the issuance of a protective order pausing Defendants' depositions until the FBI investigation has concluded.

WHEREFORE, these Defendants respectfully requests an Emergency Protective Order to Stay Discovery until after the FBI's investigation seizes. Pursuant to *Ashworth*, these Defendants have shown it is in the interest of justice to pause said depositions.

                                                **E.M. PETERSON, D. HARVEY, and THE CITY OF SOUTH CHARLESTON**

                                                **By Counsel,**

                                                */s/ Duane J. Ruggier II*
                                                **DUANE J. RUGGIER II (WVSB #7787)**
                                                **EVAN S. OLDS (WVSB #12311)**

---

[9] *See id.*

**PULLIN, FOWLER, FLANAGAN,
BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304-344-0100

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**WILLIAM ALLEN MEANS,**

    **Plaintiff,**

v.                                                                     **Civil Action No.:  2:20-561**

**E.M. PETERSON, D. HARVEY, and
THE CITY OF SOUTH CHARLESTON,**

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for the Defendants, Defendants, E.M. Peterson, D. Harvey, and the City of South Charleston, do hereby certify that a true copy of the foregoing ***"DEFENDANTS' EMERGENCY MOTION TO STAY CASE"*** was served upon counsel of record by placing the same in an envelope, properly addressed with postage fully paid and depositing the same in the U.S. Mail, on this the 29th day of March, 2021.

L. Dante' diTrapano, Esq.
Alex McClaughlin, Esq.
Benjamin D. Adams, Esq.
Calwell Luce diTrapano PLLC
500 Randolph Street
Charleston, West Virginia  25302
*Counsel for Plaintiff*

W. Jesse Forbes, Esq.
Forbes Law Firm, PLLC
1118 Kanawha Boulevard, East
Charleston, West Virginia  25301
*Co-Counsel for Plaintiff*

    ***/s/Duane J. Ruggier II***
    **DUANE J. RUGGIER II (WVSB #7787)**
    **EVAN S. OLDS (WVSB #12311)**

6

**PULLIN, FOWLER, FLANAGAN,
BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304-344-0100