

```
 1        IN THE UNITED STATES DISTRICT COURT FOR THE
            SOUTHERN DISTRICT OF WEST VIRGINIA
 2                    AT CHARLESTON

 3

 4   * * * * * * * * * * * * * * * * * * * * * *

 5   WILLIAM ALLEN MEANS,

 6              Plaintiff,

 7   vs.                          CIVIL ACTION
                              NO. 2:20-cv-00561
 8   E.M. PETERSON, D. HARVEY,
     and THE CITY OF SOUTH
 9   CHARLESTON,

10              Defendants.

11   * * * * * * * * * * * * * * * * * * * * * *

12

13

14        Deposition of Eric Peterson taken by the
     Plaintiff under the West Virginia Rules of Civil
15   Procedure in the above-entitled action, pursuant to
     notice, before Angela L. Curtis, a Certified Court
16   Reporter, at Pullin, Fowler, Flanagan, Brown & Poe, 901
     Quarrier Street, Charleston, West Virginia, on the 26th
17   day of April 2021.

18

19                  REALTIME REPORTERS, LLC
                    ANGELA L. CURTIS, CCR
20                      713 Lee Street
                    Charleston, WV  25301
21                     (304) 344-8463
                    realtimereporters.net

22

23

24
```



```
 1              APPEARANCES:

 2

 3   APPEARING FOR THE PLAINTIFF:

 4        Dante diTrapano, Esquire
          CALWELL LUCE DITRAPANO, PLLC
 5        500 Randolph Street
          Charleston, WV  25302

 6        W. Jesse Forbes, Esquire
          FORBES LAW OFFICES, PLLC
 7        1118 Kanawha Boulevard, East
          Charleston, WV  25301

 8

 9   APPEARING FOR THE DEFENDANTS:

10        Duane J. Ruggier, II, Esquire
          PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC
11        James Mark Building
          901 Quarrier Street
12        Charleston, WV  25301

13

14

15

16

17

18

19

20

21

22

23

24
```



```
 1              EXAMINATION INDEX

 2   BY MR. FORBES . . . . . . . . . . .  6

 3

 4
```

```
 1              EXHIBIT INDEX

 2   Exhibit 1    Motion for Protective Order    Previously
                                                 Marked

 3

 4
```

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

```
 1              P R O C E E D I N G S
              VIDEO OPERATOR:  This is the videotaped
 2
    deposition of E.M. Peterson taken by the plaintiff in
 3
    the matter of William Allen Means versus E.M. Peterson,
 4
    et. al. being civil action number 2:20-CV-00561 in the
 5
    US District Court for the Southern District of West
 6
    Virginia at Charleston held at the offices of
 7
    Pullin, Fowler, Flanagan, Brown and Poe in
 8
    Charleston, West Virginia on this 26th day of
 9
    April, 2021.
10
              My name is Chris Leigh and I'm the
11
    certified legal video specialist.  The court reporter
12
    is Angie Curtis.  We're now on the record.  The time is
13
    approximately 2:13 p.m.  Would counsel please introduce
14
    themselves and whom they represent?
15
              MR. FORBES:  Jesse Forbes and Dante
16
    diTrapano on behalf of the plaintiff Billy Means.
17
              MR. RUGGIER:  Duane Ruggier on behalf of
18
    Officers Peterson and Harvey.
19
              VIDEO OPERATOR:  Would the court reporter
20
    please swear in the witness?
21
              E R I C   P E T E R S O N
22
    was called as a witness by the Plaintiff, pursuant
23
    to notice, and having been first duly sworn,
24
    testified as follows:
```

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

```
 1
                    EXAMINATION
 2
    BY MR. FORBES:
 3
         Q.   State your name for the record please.
 4
         A.   Eric M. Peterson.
 5
         Q.   And how are you employed?
 6
         A.   The South Charleston Police Department, South
 7
    Charleston, Kanawha County, West Virginia.
 8
         Q.   How long have you been with them?
 9
         A.   Going on 13 years.
10
         Q.   Have you had your deposition taken before?
11
         A.   Have I had a deposition taken before?  Yes,
12
    sir.
13
         Q.   Okay.  About how many times?
14
         A.   This will be my third.
15
         Q.   Okay.  So you're generally familiar with the
16
    rules and I know you've testified a lot in court
17
    proceedings, but let me just kind of go over some
18
    ground rules, okay?
19
         I'm going to ask questions and when I finish asking
20
    the question, answer the question, try to let me finish
21
    so we're not talking over one another, otherwise she'll
22
    of throw stuff at us.
23

24
```

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

```
 1    If you don't understand something that I ask, ask
 2  me to rephrase it, tell me you didn't understand it.
 3  If you answer a question, I'm going to assume you knew
 4  what I was getting at, what I meant and that you
 5  answered it because you did understand my question.  Is
 6  that fair?
 7       A.   Yes, sir.
 8       Q.   Are you under the influence of anything
 9  medically, a prescription medication, drugs or alcohol,
10  that would inhibit your ability to testify truthfully
11  here today?
12       A.   No, sir.
13       Q.   And you understand that you have the right to
14  remain silent in this proceeding given some of the
15  accusations that have been brought in this case.  You
16  have a Fifth Amendment protection; correct?
17       A.   Yes, sir.
18       Q.   You are appearing here voluntarily with your
19  attorney.  Do you have a criminal lawyer or just --
20       A.   No, sir, I do not.
21       Q.   Okay and I know Officer Harvey had a criminal
22  lawyer; correct?
23       A.   Yes, sir.
24       Q.   But you yourself have not obtained criminal
```

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

```
 1  counsel in this, have you?
 2       A.   No, sir.
 3       Q.   I want to show you what's been marked as
 4  Exhibit 1.  If I can find it without messing all this
 5  up.  I'm going to hand you what's been previously
 6  marked as Exhibit 1.  Would you take a look at that
 7  tell me if you know what that is?
 8       A.   Would you like me to read it, sir?
 9       Q.   No, I just want to make sure you know what it
10  is.
11       A.   Is this the complaint?
12       Q.   No, sir.  That's a motion that was filed on
13  your behalf by your lawyer.
14       A.   Was this the motion that was filed the Monday
15  before last or --
16       Q.   This was a motion that was filed to postpone
17  the last time we had the deposition scheduled.
18       A.   Oh, I'm sorry.  Yes, sir.
19       Q.   Are you aware of that?
20       A.   Yes, sir.
21       Q.   Had you seen that motion before it was filed?
22  Take your time to read it if you want to.
23             MR. RUGGIER:  Please note my objection to
24  this whole line of questioning over the motion for
```

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

1  protective order and/or stay as it is not relevant to
2  the cause of action.
3      A.   We spoke about this.
4      Q.   Well --
5           MR. RUGGIER :  We talked about that.
6      A.   Right.
7      Q.   I'm not going to ask you -- I don't want to
8  know about any communication you had with your attorney
9  or your attorney's office, okay?  I just want to make
10 sure you've had a chance to read that motion.
11     A.   Okay.
12     Q.   I'm going to direct you to Paragraph 11.
13     A.   Okay.
14     Q.   Okay, so take a read on Paragraph 11.
15     A.   Okay.  I've read it.
16     Q.   Okay.  Did you file this motion because you
17 believe that you'd have to take the Fifth Amendment if
18 we'd gone forward at the last deposition?
19          MR. RUGGIER :  Objection.  That motion
20 was filed by counsel.
21          MR. FORBES:  It's on his behalf and it
22 says he's going to likely have to plead the Fifth, so I
23 want to know whether he intended to plead the Fifth two
24 weeks ago.

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

1          MR. RUGGIER:  I'm not sure that's really
2  anything discoverable in this case.  You can answer if
3  you can.
4          THE DEPONENT:  I'm sorry, sir, what was
5  it?
6          MR. RUGGIER:  I said I'm not really sure
7  if that's discoverable, but you can answer if you can.
8      A.   No, sir, I planned to be here on my last
9  deposition date and I did not plan to plea the Fifth on
10 that date if that's what you're asking.
11     Q.   That's what I'm asking.  That's what I'm
12 getting at is we were scheduled to come to a deposition
13 and we were scheduled to be here.  We noticed the
14 deposition on March 1st, 2021, the plaintiff noticed
15 your deposition for March 30th, 2021.
16     And then on March 29th, 2021 your lawyer filed a
17 motion on your behalf to postpone the deposition
18 stating that defendants, with an S, including you, will
19 likely have to plead the Fifth at the deposition which
20 may result in an adverse inference instruction and, of
21 course, prejudice defendants.  Are you saying you never
22 intended to plead the Fifth Amendment?
23     A.   No, sir.
24     Q.   Okay and are you saying you were perfectly

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

1  willing to come testify at your deposition?
2      A.   On that afternoon of the previous deposition
3  and I was available and wanting to attend.
4      Q.   Okay.  Are you aware there was a motion filed
5  on your behalf to stop the deposition?
6      A.   In regards to -- I don't -- I don't know how
7  to answer that in regards to without having a
8  conversation with Duane.
9      Q.   Let me ask it this way:  Did you authorize
10 this motion to be filed?
11          MR. RUGGIER :  Object to the form of the
12 question.  Attorney client privilege.
13          MR. FORBES:  Are you instructing him not
14 to answer that?
15          MR. RUGGIER :  Yeah.
16          MR. FORBES:  Okay.
17     Q.   Are you aware there was an FBI investigation
18 of the events involving Billy Means on May 2nd, 2020?
19     A.   Yes, sir.  I spoke with the FBI.
20     Q.   When did you learn of the FBI investigation?
21     A.   I don't -- I don't recall the exact date.
22 There was an FBI agent that called our lieutenant and
23 asked to speak with us and that was sometime before I
24 made Duane aware of it.

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

1      Q.   Okay.  So there was an FBI agent that called
2  your lieutenant, which lieutenant was this?
3      A.   Lieutenant Gordon I believe it was.
4      Q.   Do you know the FBI agent that called him?
5      A.   I do not recall the name.  There were two.
6      Q.   Do you know approximately what month that
7  occurred in?
8      A.   Goodness, sir, that was -- I don't recall the
9  exact date.  That was either -- that was either last
10 month or this month.  I believe we had a meeting Friday
11 before our depositions and that's when I spoke with
12 Mr. Ruggier in regards --
13     Q.   Again, I'm not going to ask you about
14 anything --
15          MR. RUGGIER :  You can't talk about that.
16     Q.   I'm not asking about conversations you had
17 with your attorney.
18     A.   Okay.
19     Q.   I want to know when, to the best of your
20 recollection, when did Lieutenant Gordon tell you the
21 FBI called wanting to talk?
22     A.   It was either last month or this month.  On
23 that date he talked to me, I called him, I called the
24 FBI agent back and agreed to meet with him on another

1  date that same week.
2      Q.   Do you know when you met with the FBI?
3      A.   Sir, I don't recall the exact date.
4      Q.   Do you know if it was in March or February or
5  April?  Let me ask you this:  Do you know whether it
6  was before we had the deposition notice?  So we were
7  planning to come take your deposition on March 30th.
8  Did you meet with the FBI before that or after?
9      A.   I had already received notice of the
10 deposition prior to meeting with the two FBI agents.
11     Q.   Okay.  The notice was issued on March 1st.
12     A.   Okay.
13     Q.   For March 30th deposition.  Do you think it
14 was somewhere in that period?
15     A.   Yes, sir, it was.
16     Q.   I don't know when it was, so I'm trying to get
17 a sense --
18     A.   I understand.
19     Q.   -- whether the FBI meeting was before this
20 motion got filed or after.
21     A.   This motion was filed after I met with the two
22 FBI agents.
23     Q.   Okay.  That's what I was trying to get at.
24 Trying to get a timing and I'm sorry if it was poorly

1  phrased the way I'm asking it.  I'm trying to get a
2  sense when you met with them.  So you met with the two
3  FBI agents prior to this March 29th filing as far as
4  you know?
5      A.   Yes, sir.  Yes, sir.
6      Q.   Okay.  Was your meeting with the FBI recorded?
7      A.   Yes, sir.
8      Q.   Okay.  Did you record it or just them?
9      A.   I did.
10     Q.   You did?
11     A.   Yes, sir.
12     Q.   Do you have a copy of that recording?
13     A.   They -- I turned the copy over to them and
14 then our police department.
15     Q.   So South Charleston Police Department has a
16 copy of the recorded meeting between you and the FBI?
17     A.   I believe so, yes, sir.  It's recorded -- it's
18 recorded in an interview room.
19     Q.   Okay.
20          MR. FORBES:  Duane, we don't have that.
21          MR. RUGGIER :  That makes two of us.
22          MR. FORBES:  Let's take a break for a
23 second.  Let's go off the record.
24          VIDEO OPERATOR:  Time is 2:23 p.m.  We're

1  off the record.
2          (A brief recess was taken after which the
3  deposition continued as follows:)
4          VIDEO OPERATOR:  Time is 2:27 p.m.  We
5  are on the record.
6          MR. RUGGIER:  FBI came, interviewed
7  Officer Peterson and there is a recording of that
8  interview at South Charleston Police Department.  I was
9  not aware of that.
10         MR. FORBES:  I understand you weren't
11 aware of it, just became aware of it as we sit here
12 today, but that is a recording I believe we need in
13 order to continue this deposition and it's clearly
14 something that needs to be turned over in discovery, so
15 I think we're going to have to continue the deposition
16 until we can get that from you.  How quick can we get
17 the video?
18         MR. RUGGIER :  I don't know.  I don't
19 know what to tell you.  I do not know.  I will speak to
20 the chief and see if we can get the video as soon as
21 possible.  I think it's -- I would presume, without
22 looking into it any further, it's going to be
23 discoverable.
24         MR. FORBES:  I would think.

1          MR. RUGGIER:  And I will talk to the
2  chief and we'll get it to you guys as soon as I get it.
3          MR. FORBES:  Officer Peterson or Corporal
4  Peterson?
5          THE DEPONENT:  Officer is fine, sir.  I'm
6  not a status person.
7          MR. FORBES:  I answer to anything and
8  people call me a lot of stuff.  We had difficulty in
9  scheduling -- I think we were trying already to see if
10 there's different dates that might work.  Are there
11 better days for you?  I'd like to go ahead and get a
12 date set as we're sitting in this room because we've
13 got deadlines coming up in this case.
14         MR. RUGGIER:  I understand.  That's fine
15 with me.  What days are good for -- I mean, are we off
16 the record now?
17         MR. FORBES:  We can go off the record.
18         VIDEO OPERATOR:  Time is 2:29 p.m. and we
19 are off the record.
20         (Whereupon the deposition was continued
21 to Tuesday, May 4, 2021 at 1:00 p.m.
22         (Having indicated he would like to read
23 his deposition before filing, further this deponent
24 saith not.)

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

```
 1   STATE OF WEST VIRGINIA,
     COUNTY OF KANAWHA, to wit;
 2
          I, Angela L. Curtis, a Notary Public within and
 3   for the County and State aforesaid, duly commissioned and
     qualified, do hereby certify that the foregoing deposition
 4   of Eric Peterson was duly taken by me and before me at the
     time and place and for the purpose specified in the
 5   caption hereof, the said witness having been by me first
     duly sworn.
 6
          I further certify that the attached deposition
 7   transcript of Eric Peterson meets the requirements set
     forth within article twenty-seven, chapter forty-seven of
 8   the West Virginia Code to the best of my ability.
 9        I do further certify that the said deposition was
     correctly taken by me in shorthand notes, and that the
10   same were accurately written out in full and reduced to
     typewriting and that the witness did request to read his
11   transcript.
          I further certify that I am neither attorney or
12   counsel for, nor related to or employed by, any of the
     parties to the action in which this deposition is taken,
13   and further that I am not a relative or employee of any
     attorney or counsel employed by the parties or financially
14   interested in the action.
15        My commission expires August 23, 2022.  Given
     under my hand this 28th day of April 2021.
16
17
18
19
20
21
22
23
24
25
```



## Top-right page (18)

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

```
 1   STATE OF WEST VIRGINIA
     COUNTY OF KANAWHA, to wit:
 2
 3        I, Teresa Evans, owner of Realtime
 4   Reporters, LLC, do hereby certify that the attached
 5   deposition transcript of Eric Peterson meets the
 6   requirements set forth within article twenty-seven,
 7   chapter forty-seven of the West Virginia Code to the best
 8   of my ability.
 9
10        Given under my hand this 28th day of April
11   2021.
12
13
14        /s/ Teresa Evans
15
16        ----------------------
17        Registered Professional
18        Reporter/Certified Realtime Reporter
19
20
21
22
23
24
25
```

## Bottom-left page (19)

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021

```
 1                    ERRATA SHEET
 2        I, Eric Peterson, do hereby certify that the
 3   foregoing is a true and correct transcript of my
     deposition with the exception of the following
 4   corrections:
 5   PAGE  LINE  CORRECTION
 6   _____
 7   _____
 8   _____
 9   _____
10   _____
11   _____
12   _____
13   _____
14   _____
15   _____
16   _____
17                          _____
                             DEPONENT'S SIGNATURE
18   STATE OF _____,
19   COUNTY OF _____,
20        Sworn to before me, _____, Notary
     Public, this ____ day of _____, 20__.
21
22                          _____
                              NOTARY PUBLIC
23
24
25
```

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.

ERIC PETERSON
04/26/2021 Index: 1..generally

**Exhibits**

Exhibit 1 4:2 8:4,6

**1**

1 8:4,6
11 9:12,14
13 6:9
1:00 16:21
1st 10:14 13:11

**2**

2020 11:18
2021 5:9 10:14,15, 16 16:21
26th 5:8
29th 10:16 14:3
2:13 5:13
2:20-CV-00561 8:4
2:23 14:24
2:27 15:4
2:29 16:18
2nd 11:18

**3**

30th 10:15 13:7,13

**4**

4 16:21

**A**

ability 7:10
accusations 7:15
action 5:4 9:2
adverse 10:20
afternoon 11:2
agent 11:22 12:1,4, 24
agents 13:10,22 14:3
agreed 12:24
ahead 16:11
alcohol 7:9
Allen 5:3
Amendment 7:16 9:17 10:22
and/or 9:1
Angie 5:12
appearing 7:18
approximately 5:13 12:6
April 5:9 13:5
assume 7:3
attend 11:3
attorney 7:19 9:8 11:12 12:17
attorney's 9:9
authorize 11:9
aware 8:19 11:4, 17,24 15:9,11

**B**

back 12:24
behalf 5:16,17 8:13 9:21 10:17 11:5
Billy 5:16 11:18
break 14:22
brought 7:15

Brown 5:7

**C**

call 16:8
called 5:22 11:22 12:1,4,21,23
case 7:15 10:2 16:13
certified 5:11
chance 9:10
Charleston 5:6,8 6:6,7 14:15 15:8
chief 15:20 16:2
Chris 5:10
civil 5:4
client 11:12
communication 9:8
complaint 8:11
continue 15:13,15
continued 15:3 16:20
conversation 11:8
conversations 12:16
copy 14:12,13,16
Corporal 16:3
correct 7:16,22
counsel 5:13 8:1 9:20
County 6:7
court 5:5,11,19 6:16
criminal 7:19,21, 24
Curtis 5:12

**D**

Dante 5:15
date 10:9,10 11:21 12:9,23 13:1,3 16:12
dates 16:10
day 5:8
days 16:11,15
deadlines 16:13
defendants 10:18, 21
department 6:6 14:14,15 15:8
deponent 10:4 16:5,23
deposition 5:2 6:10,11 8:17 9:18 10:9,12,14,15,17, 19 11:1,2,5 13:6,7, 10,13 15:3,13,15 16:20,23
depositions 12:11
difficulty 16:8
direct 9:12
discoverable 10:2,7 15:23
discovery 15:14
District 5:5
ditrapano 5:16
drugs 7:9
Duane 5:17 11:8, 24 14:20
duly 5:23

**E**

E.M. 5:2,3

employed 6:5
Eric 6:4
events 11:18
exact 11:21 12:9 13:3
EXAMINATION 6:1
Exhibit 8:4,6

**F**

fair 7:6
familiar 6:15
FBI 11:17,19,20,22 12:1,4,21,24 13:2, 8,10,19,22 14:3,6, 16 15:6
February 13:4
file 9:16
filed 8:12,14,16,21 9:20 10:16 11:4,10 13:20,21
filing 14:3 16:23
find 8:4
fine 16:5,14
finish 6:19,20
Flanagan 5:7
Forbes 5:15 6:2 9:21 11:13,16 14:20,22 15:10,24 16:3,7,17
form 11:11
forward 9:18
Fowler 5:7
Friday 12:10

**G**

generally 6:15

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.
ERIC PETERSON
04/26/2021 Index: good..set

**good** 16:15
**Goodness** 12:8
**Gordon** 12:3,20
**ground** 6:18
**guys** 16:2

**H**

**hand** 8:5
**Harvey** 5:18 7:21
**held** 5:6

**I**

**including** 10:18
**inference** 10:20
**influence** 7:8
**inhibit** 7:10
**instructing** 11:13
**instruction** 10:20
**intended** 9:23 10:22
**interview** 14:18 15:8
**interviewed** 15:6
**introduce** 5:13
**investigation** 11:17,20
**involving** 11:18
**issued** 13:11

**J**

**Jesse** 5:15

**K**

**Kanawha** 6:7

**kind** 6:17
**knew** 7:3

**L**

**lawyer** 7:19,22 8:13 10:16
**learn** 11:20
**legal** 5:11
**Leigh** 5:10
**lieutenant** 11:22 12:2,3,20
**long** 6:8
**lot** 6:16 16:8

**M**

**made** 11:24
**make** 8:9 9:9
**makes** 14:21
**March** 10:14,15,16 13:4,7,11,13 14:3
**marked** 8:3,6
**matter** 5:3
**Means** 5:3,16 11:18
**meant** 7:4
**medically** 7:9
**medication** 7:9
**meet** 12:24 13:8
**meeting** 12:10 13:10,19 14:6,16
**messing** 8:4
**met** 13:2,21 14:2
**Monday** 8:14
**month** 10:6,10,22
**motion** 8:12,14,16, 21,24 9:10,16,19

10:17 11:4,10 13:20,21

**N**

**note** 8:23
**notice** 5:23 13:6,9, 11
**noticed** 10:13,14
**number** 5:4

**O**

**Object** 11:11
**objection** 8:23 9:19
**obtained** 7:24
**occurred** 12:7
**office** 9:9
**Officer** 7:21 15:7 16:3,5
**Officers** 5:18
**offices** 5:6
**OPERATOR** 5:1, 19 14:24 15:4 16:18
**order** 9:1 15:13

**P**

**p.m.** 5:13 14:24 15:4 16:18,21
**Paragraph** 9:12,14
**people** 16:8
**perfectly** 10:24
**period** 13:14
**person** 16:6
**Peterson** 5:2,3,18 6:4 15:7 16:3,4

**phrased** 14:1
**plaintiff** 5:2,16,22 10:14
**plan** 10:9
**planned** 10:8
**planning** 13:7
**plea** 10:9
**plead** 9:22,23 10:19,22
**Poe** 5:7
**police** 6:6 14:14,15 15:8
**poorly** 13:24
**postpone** 8:16 10:17
**prejudice** 10:21
**prescription** 7:9
**presume** 15:21
**previous** 11:2
**previously** 8:5
**prior** 13:10 14:3
**privilege** 11:12
**proceeding** 7:14
**proceedings** 6:17
**protection** 7:16
**protective** 9:1
**Pullin** 5:7
**pursuant** 5:22

**Q**

**question** 6:20 7:3, 5 11:12
**questioning** 8:24
**questions** 6:19
**quick** 15:16

**R**

**read** 8:8,22 9:10, 14,15 16:22
**recall** 11:21 12:5,8 13:3
**received** 13:9
**recess** 15:2
**recollection** 12:20
**record** 5:12 6:3 14:8,23 15:1,5 16:16,17,19
**recorded** 14:6,16, 17,18
**recording** 14:12 15:7,12
**relevant** 9:1
**remain** 7:14
**rephrase** 7:2
**reporter** 5:11,19
**represent** 5:14
**result** 10:20
**room** 14:18 16:12
**Ruggier** 5:17 8:23 9:5,19 10:1,6 11:11,15 12:12,15 14:21 15:6,18 16:1, 14
**rules** 6:16,18

**S**

**saith** 16:24
**scheduled** 8:17 10:12,13
**scheduling** 14:2
**sense** 13:17 14:2
**set** 16:12

WILLIAM ALLEN MEANS v.
E.M. PETERSON, et al.
ERIC PETERSON
04/26/2021 Index: she'll..years

**she'll** 6:21
**show** 8:3
**silent** 7:14
**sir** 6:12 7:7,12,17, 20,23 8:2,8,12,18, 20 10:4,8,23 11:19 12:8 13:3,15 14:5, 7,11,17 16:5
**sit** 15:11
**sitting** 16:12
**South** 6:4 14:15 15:8
**Southern** 5:5
**speak** 11:23 15:19
**specialist** 5:11
**spoke** 9:3 11:19 12:11
**State** 6:3
**stating** 10:18
**status** 16:6
**stay** 9:1
**stop** 11:5
**stuff** 6:22 16:8
**swear** 5:20
**sworn** 5:23

**T**

**talk** 12:15,21 16:1
**talked** 9:5 12:23
**talking** 6:21
**testified** 5:24 6:16
**testify** 7:10 11:1
**throw** 6:22
**time** 5:12 8:17,22 14:24 15:4 16:13
**times** 6:13

**timing** 13:24
**today** 7:11 15:12
**truthfully** 7:10
**Tuesday** 16:21
**turned** 14:13 15:14

**U**

**understand** 7:1,2, 5,13 13:18 15:10 16:14

**V**

**versus** 5:3
**video** 5:1,11,19 14:24 15:4,17,20 16:18
**Virginia** 5:6,8 6:7
**voluntarily** 7:18

**W**

**wanting** 11:3
**week** 13:1
**weeks** 9:24
**West** 5:5,8 6:7
**William** 5:3
**work** 16:10

**Y**

**years** 6:9